w235p-ad

COPY
ORIGINAL FILED

NOV 29 2007

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

SUPERIOR COURT, STATE OF WASHINGTON, SPOKANE COUNTY

MARK A. HOLUM, an individual, )
               Plaintiff ) No. 07205435-3
)
vs. ) SUMMONS
)
EXTENDICARE HOME, INC., a corporation; )
EXTENDICARE HEALTH SERVICES, INC., a )
corporation, and EXTENDICARE HEALTH SERVICES, )
INC. a corporation )
)
               Defendants )

TO: THE ABOVE-NAMED DEFENDANTS:

A lawsuit has been started against you in the above-entitled court by the named Plaintiff. Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within twenty (20) days after the service of this summons, excluding the day of service, or within sixty (60) days if this summons was served outside the State of Washington, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this _____ day of November, 2007.

               /s/ Marcia M. Meade
               Marcia M. Meade, WSBA# 11122
               Attorney for Plaintiff

EXHIBIT 1

SUMMONS - Page 1 of 1

**Dawson & Meade**
Attorneys at Law
1310 West Dean Avenue
Spokane, Washington 99201-2015

w235p-ac

COPY
ORIGINAL FILED

NOV 29 2007

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

MARK A. HOLUM, an individual, )
     *Plaintiff* ) NO. **07205435-3**
)
vs. )
) COMPLAINT FOR DAMAGES
EXTENDICARE HOME, INC., a )
corporation; EXTENDICARE HEALTH )
SERVICES, INC., a corporation, and )
EXTENDICARE HEALTH SERVICES, INC. )
a corporation )
)
     *Defendants* )

  COMES NOW the Plaintiff, through his counsel, Marcia M. Meade of Dawson & Meade, and allege as follows:

**I.**

  1.1 Plaintiff, Mark A. Holum was and is at all times herein a resident of Spokane County State of Washington.

  1.2: Plaintiff was injured in Spokane County State of Washington. The Defendants herein were doing business in Spokane County State of Washington. The appropriate venue for this action is Spokane County State of Washington.

**II.**

  2.1. Defendant is Extendicare Home, Inc. is Corporation, which was doing business within the State of Washington in Spokane County at The Gardens on University at 414 S. University in the County of Spokane State of Washington.

COMPLAINT FOR DAMAGES Page 1 of 13

*10*



Dawson & Meade
Attorneys at Law
1310 West Dean Avenue
Spokane, Washington 99201-2015

w235p-ac

2.2. Defendant Extendicare Home, Inc. employed and provided professional staff to Defendants Extendicare Health Services, Inc. and Extendicare Health Facilities, Inc., who were doing business as The Gardens on University.

2.2. Defendant is Extendicare Health Services, Inc. is Corporation, which was doing business within the State of Washington in Spokane County and doing business as The Gardens on University at 414 S. University in the County of Spokane State of Washington.

2.3. Defendant is Extendicare Health Facilities, Inc. is Corporation, which was doing business within the State of Washington in Spokane County and doing business as The Gardens on University at 414 S. University in the County of Spokane State of Washington.

2.4. It is Plaintiffs belief that Extendicare Health Services, Inc. owned and operated The Garden at University in the County of Spokane State of Washington.

2.5. Plaintiff Mark A. Holum was a lawful invitee onto the business property owned and controlled by Defendants Extendicare Health Services, Inc. and Extendicare Health Facilities, Inc.

2.6. It is Plaintiffs belief that Extendicare Health Facilities, Inc. owned and operated The Garden at University in the County of Spokane State of Washington.

2.7. Defendants Extendicare Health Services, Inc. and Extendicare Health Facilities, Inc. through their respective officers, employees, agents and assigns were agents of one another.

2.8. Plaintiff Mark A. Holum was a lawful invitee onto the business property owned and controlled by Defendants, Extendicare Health Facilities, Inc.

### III.

3.1 Defendant Extendicare Home, Inc. was a subcontractor for Defendant Extendicare Health Services, Inc. and Extendicare Health Facilities, Inc.

3.2 Gregory Calvert was the licensed Nursing Home Administrator for Defendants Extendicare Health Services, Inc. and Extendicare Health Facilities, Inc.

COMPLAINT FOR DAMAGES  Page 2 of 13



Dawson & Meade
Attorneys at Law
1310 West Dean Avenue
Spokane, Washington 99201-2015

w235p-ac

for their business The Gardens at University. Kari A. Vanzant was an unlicensed Nursing Home Administrator, who worked with Defendant Extendicare Health Services, Inc. and Extendicare Health Facilities, Inc. permission at The Gardens at University under the licenses of Gregory Calvert.

3.3. Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. were general contractors for the business operated at The Gardens at University.

## IV.

4.1. Plaintiff Mark A. Holum was and is a Registered Nurse licensed in the State of Washington.

4.2. On November 30, 2004, Plaintiff was an employee of Defendant Extendicare Home, Inc.

4.3. Plaintiff believes to the best of his knowledge that Defendant Extendicare Home, Inc. had a contract with Defendants Extendicare Health Services, Inc. and Extendicare Health Services, Inc. to sub-contract professional staff to work in facilities such as The Gardens on University.

4.4. On November 30, 2004, Defendant Extendicare Home, Inc. scheduled Plaintiff to provide patient care at The Garden at University.

4.5. On November 30, 2004, Plaintiff was at all times material herein the employee of Defendant Extendicare Home, Inc.

4.6. On November 30, 2004, Plaintiff was an invitee in Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. business known as The Garden at University.

COMPLAINT FOR DAMAGES  Page 3 of 13

12



Dawson & Meade
Attorneys at Law
1310 West Dean Avenue
Spokane, Washington 99201-2015

w235p-ac

## V.

5.1. On and prior to November 30, 2004, Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. had certain business and professional policies for the admission of residents to The Garden at University.

5.2. On and prior to November 30, 2004, Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. knew or should have known that in long-term care facilities that there were limitations on physical restrain and chemical restrain on residence.

5.3. On and prior to November 30, 2004, Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. knew or should have known that they had a professional, fiduciary and business obligation to consider the safety of the other residence of The Gardens at University and employees of Extendicare Home, Inc.

5.4. On and prior to November 30, 2004, Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. had a business plan and practice to accept residence that did not meet the criteria for green light admission.

5.5. Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. knew that as a professional business they had not contracted for sufficient numbers of Extendicare Home, Inc.'s employees to provide for one on one or one to two coverage for ambulatory residence, who were physically violent.

5.6. Prior to November 30, 2004, Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. admitted an adult male, who be known as T.H., herein.

5.7. Prior to November 30, 2004, Defendant Extendicare Health Services, Inc. and Defendant, Extendicare Health Facilities, Inc. admitted T.H. to The Gardens on University knowing that he was a significantly mentally, cognitively and thus behaviorally impaired resident, who was ambulatory.

COMPLAINT FOR DAMAGES Page 4 of 13

Dawson & Meade
Attorneys at Law
1310 West Dean Avenue
Spokane, Washington 99201-2015

w235p-ac

5.8. Defendant Extendicare Health Services, Inc. and Defendant, Extendicare Health Facilities, Inc. knew or should have known T.H. was physically violent.

5.9. Defendant Extendicare Health Services, Inc. and Defendant, Extendicare Health Facilities, Inc. admitted T.H. knowing that given his condition that placement in The Garden at University was probably an unreasonable placement for such an significantly mentally, cognitively and thus behaviorally impaired adult male.

5.10. After the admission of T.H. to The Gardens on University Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. knew that T.H. physically assaulted and injured two or more employees of Defendant Extendicare Home, Inc.

5.11. On or about November 30, 2004, Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. knew that T.H. had the physical strength and ability to seriously injury and potentially cause the death of another human being.

5.12. On or about November 30, 2004, Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. knew that T.H. was a mobile and T.H. constituted a dangerous condition within the facilities known The Gardens on University.

5.13. On or about November 30, 2004, Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. knew that they did not have the means of providing for a safe work place for the employees of Defendant Extendicare Home, Inc. as far as the presence of T.H. as a resident at The Gardens at University.

5.14. On or about November 30, 2004, Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. knew that it was prohibited from physically restraining or chemically restraining T.H., while he was a resident at The Gardens at University.

COMPLAINT FOR DAMAGES  Page 5 of 13

14

*Dawson & Meade*
Attorneys at Law
1310 West Dean Avenue
Spokane, Washington 99201-2015

5.15  On or about November 30, 2004, Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. knew that it could and should decline to accept and/or continue to house T.H

5.16.  On or about November 30, 2004, Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. knew that each of them was exposing the employees of Defendant Extendicare Home, Inc. to unreasonable risk of injury and potentially death by the physical presence of T.H. in The Gardens at University.

5.17. Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. affirmative agreed to continue to house T.H. at The Garden at University knowing that T.H. had previously injured two individuals.

## VI.

6.1. Before November 30, 2004, Defendant Extendicare Home, Inc. knew that T.H. was significantly mentally, cognitively and behaviorally impaired.

6.2. Before November 30, 2004, Defendant Extendicare Home, Inc. knew that T.H. was ambulatory, physically strong and dangerous to others.

6.3. Before November 30, 2004, Defendant Extendicare Home, Inc. knew that Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. and each of them was unreasonable taking in residences, who should not be residence of The Gardens at University.

6.4. Before November 30, 2004, Defendant Extendicare Home, Inc. knew that T.H. could not be chemically or physically restrained as a resident of The Gardens at University.

6.5 Before November 30, 2004, Defendant Extendicare Home, Inc. knew that T.H. had injured two, if not more, of Defendant Extendicare Home, Inc.'s employees.

6.6 Before November 30, 2004, Defendant Extendicare Home, Inc. knew that its employees had no professional, legal, practice or other means to chemically or physically restraining T.H.

COMPLAINT FOR DAMAGES  Page 6 of 13

Dawson & Meade
Attorneys at Law
1310 West Dean Avenue
Spokane, Washington 99201-2015

w235p-ac

6.7. Before and on November 30, 2004, Defendant Extendicare Home, Inc. knew that Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. were affirmatively failing to decline the continued admission of T.H. with said Defendants knowing that T.H. had already assaulted two of Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc.'s employees.

6.8. Before and on November 30, 2004, Defendant Extendicare Home, Inc. knew that T.H. was certain to injury and perhaps cause the death of other human, including but not limited to its employees.

6.9. Defendant Extendicare Home, Inc. as a business comprised of professionals knew that it had the authority and obligation to refuse to accept the patient care of a patient such as T.H. was.

6.10. Before November 30, 2004, Defendant Extendicare Home, Inc. knew that after T.H. had physically assaulted two of its employees, in light of T.H. condition and the policies, procedures, rules and regulations for long term health care facilities that T.H. should have not have been housed at The Gardens at University.

6.11. Before November 30, 2004, Defendant Extendicare Home, Inc. knew T.H. should be permanently removed from The Garden at University.

6.12. Before November 30, 2004, Defendant Extendicare Home, Inc. actually knew that T.H. was dangerous physically assaultive patient that could not be chemically or physically restrained while admitted to a long term care facility.

6.13. Before November 30, 2004 Defendant Extendicare Home, Inc. knew that T.H. was certain to physically assault and cause injury to its employees.

6.14. Knowing the danger of T.H. and that there was no means to either chemically or physically restrain T.H. Defendant Extendicare Home, Inc. deliberate intended to injury Plaintiff Mark A. Holum, when Defendant Extendicare Home, Inc. willfully disregarded its actual knowledge of uncontrolled and uncontrollable danger of T.H.

COMPLAINT FOR DAMAGES Page 7 of 13



Dawson & Meade
Attorneys at Law
1310 West Dean Avenue
Spokane, Washington 99201-2015

w235p-ac

6.15. Defendant Extendicare Home, Inc. had actual knowledge that either Gregory Calvert and Kari A. Vanzant had the legal authority to decline admission or remove after admission T.H. from The Garden at University.

6.16. Defendant Extendicare Home, Inc. had actual knowledge that Gregory Calvert and/or Kari A. Vanzant knew that T.H. had injured two persons.

6.17 Defendant Extendicare Home, Inc. had actual knowledge that Gregory Calvert and/or Kari A. Vanzant were dilibertly allowing T.H. to be in The Gardens at University after he had injured two persons.

6.17. Knowing the danger of T.H. and that there was no means to either chemically or physically restrain T.H. Defendant Extendicare Home, Inc. deliberate intended to injury Plaintiff Mark A. Holum, when Defendant Extendicare Home, Inc. willfully disregarded its actual knowledge of uncontrolled and uncontrollable danger of T.H. and that Gregory Calvert and Kari A. Vanzant continued to allow T.H. to be a resident of The Gardens at University.

## VII.

7.1. After admission to The Gardens at University before November 30, 2004, T.H. physically assaulted other individuals, including two employees of Defendant Extendicare Home, Inc.

7.2 Before and on November 30, 2007, Defendant Extendicare Home, Inc., Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. and each of them had actual knowledge that T.H. was a dangerous person, who could not be restrained and who was certain to injury other persons.

7.3. On November 30, 2004, T.H. jumped on the back of Plaintiff Mark A. Holum and began strangling him and to cause other physician injuries.

7.4. Plaintiff Mark A. Holum suffered a serious personal bodily and mental injury when T.H. assaulted him.

COMPLAINT FOR DAMAGES Page 8 of 13

17



Dawson & Meade
Attorneys at Law
1310 West Dean Avenue
Spokane, Washington 99201-2015

## VIII.

8.1 Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. owed a duty to use ordinary care as to invitees to its business The Garden at University.

8.2 Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. owed a duty to use ordinary care as to the employees of the subcontractor Defendant Extendicare Home, Inc.

8.3. Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. owed a duty to use ordinary care and reasonably prudent care to comply with the all the policies, procedures, rules and regulations applicable to its business and professional industry.

8.4. Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. owed a duty to use ordinary care as to provide a safe work place to the employees of subcontractors, who were at The Gardens at University.

8.5. Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. owed a duty to comply with the contractual obligations that each voluntarily assumed in the contractual relationship with Defendant Extendicare Home, Inc., *inter alia* the duties and obligations that extended under the contract to the employees of Defendant Extendicare Home, Inc.

## IX.

9.1. Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. failed to comply with the standards of care applicable to their business, employees, officers and agents and were therefore negligent.

9.2. Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. failed to exercise ordinary care and to use the reasonably prudent care expected of them.

9.3. Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. were negligent in the following, but not limited to, manners

COMPLAINT FOR DAMAGES Page 9 of 13

Dawson & Meade
Attorneys at Law
1310 West Dean Avenue
Spokane, Washington 99201-2015

w235p-ac

    a. Failing to properly supervise; and/or

    b. Failing to give the appropriate and proper protection to the Plaintiff; and/or

    c. Failing to give appropriate directions, supervision, monitoring of licensed and unlicensed hospital administrators; and/or

    d. Failing to comply with applicable rules, regulations, policies, procedures and contract provisions

    e. Failing to comply with Joint Commission on Accreditation to Health Care Organization; and/or

    f. Failing to provide a safe work place; and/or

    g. Failing to remove T.H. from facilities after he had assaulted two persons;

    j. Engaging in an ultra hazardous business activity by allowing inherently dangerous and uncontrollable mentally impaired individuals to remain on the premises, giving rise to strict liability.

9.4. Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. are strictly liable for allowing a dangerous and potentially life threatening instrumentality in an uncontrolled and uncontrollable environment.

9.5. Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. failed to use reasonable care in complying with the fiduciary duties that each of them owed to Plaintiff.

## X.

10.1. As a direct and proximate result of the acts and omissions of Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. Plaintiff has suffered serious personal injuries and damages including but not limited to: general and special damages, the loss of enjoyment of life, physical, mental and emotional pain and suffering, medical and other health care expenses, loss of a chance, shortened life, increased risk of injury, loss of wages, loss of earning capacity, attorneys fees, litigation cost, anxiety, injury, increased domestic cost, loss

COMPLAINT FOR DAMAGES  Page 10 of 13

19



Dawson & Meade
Attorneys at Law
1310 West Dean Avenue
Spokane, Washington 99201-2015

w235p-ac

of retirement opportunity, physical, emotional and economic disability and other such damages as set forth in the prayer of this complaint.

10.2. As a direct and proximate result of the of Defendant Extendicare Health Services, Inc.'s and Defendant Extendicare Health Facilities, Inc.'s negligence the Plaintiff has sustained damages as set forth above and as set forth in the prayer of this Complaint.

## XI.

11.1. Defendant Extendicare Health Services, Inc.'s and Defendant Extendicare Health Facilities, Inc.'s and each of them is strictly liable in accordance with Washington law for allowing a dangerous and potentially life threatening instrumentality in an uncontrolled and uncontrollable environment.

11.2. Based upon the foregoing strict liability Defendant Extendicare Health Services, Inc. and Defendant Extendicare Health Facilities, Inc. Plaintiff has suffered serious personal injuries and damages including but not limited to: general and special damages, the loss of enjoyment of life, physical, mental and emotional pain and suffering, medical and other health care expenses, loss of a chance, shortened life, increased risk of injury, loss of wages, loss of earning capacity, attorneys fees, litigation cost, anxiety, injury, increased domestic cost, loss of retirement opportunity, physical, emotional and economic disability and other such damages as set forth in the prayer of this complaint.

11.3. As a direct and proximate result of the of Defendant Extendicare Health Services, Inc.'s and Defendant Extendicare Health Facilities, Inc.'s strict liability the Plaintiff has sustained damages as set forth above and as set forth in the prayer of this Complaint.

## XII.

12.1. Defendant Extendicare Home, Inc. with deliberate intention by its willful disregard of the actual knowledge of the danger of T.H. and the failure of the

COMPLAINT FOR DAMAGES Page 11 of 13

20



Dawson & Meade
Attorneys at Law
1310 West Dean Avenue
Spokane, Washington 99201-2015

nursing home administrator to remove T.H. from the Gardens at University and with the knowledge that an employee would certainly be injured by T.H.

12.2. Pursuant to RCW 51.24.020 Defendant Extendicare Home, Inc. deliberately caused injury to Plaintiff.

12.3. As a result of Defendant Extendicare Home, Inc.'s deliberate intent to injure Plaintiff has suffered serious personal injuries and damages including but not limited to: general and special damages, the loss of enjoyment of life, physical, mental and emotional pain and suffering, medical and other health care expenses, loss of a chance, shortened life, increased risk of injury, loss of wages, loss of earning capacity, attorneys fees, litigation cost, anxiety, injury, increased domestic cost, loss of retirement opportunity, physical, emotional and economic disability and other such damages as set forth in the prayer of this complaint.

12.4. As a result of Defendant Extendicare Home, Inc.'s deliberate intent to injure the Plaintiff has sustained damages as set forth above and as set forth in the prayer of this Complaint.

WHEREFORE, Plaintiff Mark A. Holum prays for judgment against the Defendants jointly and severally as follows:

1. For past and future special and general damages;

2. For past and future permanent, partial disability;

3. For loss of enjoyment of life and for reduction of life expectancy;

4. For loss of wages;

5. Shortened life expectancy

6. Loss of earning capacity;

7. Loss of retirement opportunity;

8. Consequences and Value of forced unemployment;

9. Loss of Consequences of physical, emotional and economic disability;

10. For physical, emotional and mental pain and suffering;

11. Past and future medical and health care expenses;

COMPLAINT FOR DAMAGES Page 12 of 13



Dawson & Meade
Attorneys at Law
1310 West Dean Avenue
Spokane, Washington 99201-2015

w235p-ac

12. For permanent, partial impairment of earnings and of earning capacity;

13. For past and future medical and attendant expenses and other health care expenses;

14. For past and future loss of earnings;

15. For attorneys' fees as permitted under the laws, statutes, regulations and codes;

16. For pre-judgment interest and attorney's fees and costs; and

17. For such other and further relief as the court may deem just and proper.

DATED this 29th day of November 2007.

Marcia M. Meade, WSBA# 11122
Attorney for Plaintiff

COMPLAINT FOR DAMAGES  Page 13 of 13

22



Dawson & Meade
Attorneys at Law
1310 West Dean Avenue