UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MARK A. HOLUM,

                Plaintiff,

         v.

EXTENDICARE HOMES, INC.,

                Defendant.

NO. CV-08-0081-EFS

**ORDER DENYING PLAINTIFF'S
MOTIONS TO RECONSIDER**

Before the Court, without oral argument, are Plaintiff Mark A. Holum's Motion to Reconsider Motion to Strike Protions [sic] of Sue Goodrick, R.N.'s Declaration (Ct. Rec. 60) and Motion to Reconsider Defendants' CR 56(c) Motion to Dismiss (Ct. Rec. 63).[1] After reviewing the submitted material and relevant authority, the Court is fully informed and denies Plaintiff's motions. The reasons for the Court's Order are set forth below.

---

[1]Although Plaintiff noted her motions for oral argument, the Court finds that oral argument is unnecessary. *See* LR 7.1(h)(3).

ORDER ~ 1

# I. Discussion

**A.    Standard**

Federal Rule of Civil Procedure 60(b) states in pertinent part:

> **(b)    Grounds for Relief from a Final Judgment, Order, or Proceeding.**    On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)    mistake, inadvertence, surprise, or excusable neglect;
>
> . . . .
>
> (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> . . . .
>
> (6)    any other reason that justifies relief.

Fᴇᴅ. R. Cɪᴠ. P. 60(b) (2008).

With respect to subsection (1), Rule 60 is silent on what constitutes "mistake, inadvertence, surprise, or excusable neglect." What is or is not sufficient to justify relief under Rule 60(b)(1) is therefore best understood by analyzing fact patterns arising in case law. The following are examples of fact patterns that warrant relief under Rule 60(b)(1):

-    The records shows that one of the parties proceeded to trial under an understandable but mistaken assumption concerning the issues to be tried;

-    Settlement was made by an attorney who lacked authority;

-    An appeal was not timely because clerk errors contributed to appellant's lack of notice that final judgment had been entered;

ORDER ~ 2

- An ambiguous local rule misleads a party as to the time required to act in order to secure trial on the merits;

- Ignorance of unfamiliar local procedures may be excused when additional facts and circumstances contribute to the ignorance; and

- Failure to appear at trial may be excused when court created confusion in process of setting trial date.

12-60 Moore's Federal Practice - Civil § 60.41[1][b] (2009).

With respect to subsection (3), fraud is established when a moving party proves "by clear and convincing evidence that the [judgment] was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *Casey v. Albertson's, Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2005).

With respect to subsection (6), also known as the "catch-all" provision, there must be "extraordinary circumstances" in order to justify relief. Moore's - Civil § 60.48[3].

**B.    Plaintiff's Motion to Reconsider Motion to Strike (Ct. Rec. 60)**

Plaintiff insists the Court should reconsider its decision to strike paragraphs 17-20 of Sue Goodrick's Declaration under Rule 60(b)(1), (3), and (6) because Defendant Extendicare Homes, Inc. "surprised" Plaintiff and "perpetrated a fraud" with its argument that Ms. Goodrick lacked the personal knowledge to make the statements contained in paragraphs 17-20. (Ct. Rec. 61 at 2-3, 6.)    Defendant insists its motion was based on permissible evidentiary challenges.    (Ct. Rec. 70 at 3.)

ORDER ~ 3

1   Here, there is no surprise.  Plaintiff attempts to trigger
2  subsection (1) by repeatedly referring to how "surprised" he was by
3  Defendant's legal arguments.[2]  This is not "surprise" as contemplated by
4  Rule 60(b)(1).  *See* MOORE'S - CIVIL § 60.41[1][b].  Even if it were,
5  Plaintiff can hardly claim surprise when he had an opportunity to fully
6  address Defendant's legal arguments during briefing.

7   Nor is there fraud.  Defendant moved to strike Ms. Goodrick's
8  declaration based on perceived deficiencies under the Federal Rules of
9  Evidence.  This is proper.

10   Nor are there exceptional circumstances.  As such, there is no basis
11  for Rule 60(b) relief.

12 **C.   Plaintiff's Motion to Reconsider Summary Judgment (Ct. Rec. 63)**

13   Plaintiff also argues that the Court should reconsider its summary
14  judgment ruling under Rule 60(b)(1), (3) and (6) because it overlooked
15  or misunderstood significant portions of the record, leading to an
16  "improper perception of the factual dispute."  (Ct. Rec. 64 at 2.)

17   For example, Plaintiff takes issue with 1) how the Court interpreted
18  the Minimum Data Set ("MDS"), the seven-day evaluation protocol used to
19  develop proper treatment plans for new patients; 2) the accuracy of the
20  Court's statement that "[T.H.] calmed shortly after the second incident
21  and rested quietly through the night"; and 3) the accuracy of the Court's
22  statement that T.H.'s parents quickly removed him from Plaintiff's back.

23

24   [2]One example: "It is a surprise that a [sic] Defendant would move to
25  strike the testimony of a nurse that was hired to assess the risk of
26  patients . . . ."  (Ct. Rec. 71 at 4.)

ORDER ~ 4

First, the Court finds that it carefully considered the entire MDS, including observations that T.H.'s cognitive status appeared to be deteriorating. Second, Plaintiff's claimed factual inaccuracy about T.H. resting quietly through the night is misplaced because, in fact, that is exactly what the record states.[3]  Plaintiff further insists important evidence regarding this entry was covered up by Defendant's exhibit sticker.  Not so.  The Court was aware that one of T.H.'s aggressive outbursts involved kicking and hitting a nurse and included as much in its Order.  (Ct. Rec. 57 at 5.)  Third, whether or not T.H.'s parents "quickly" responded when T.H. assaulted Plaintiff is irrelevant to the ultimate issue the Court was deciding - namely, did the scattered instances of aggressive behavior make it <u>certain</u> that an employee or resident would be injured?

In any event, these are factual quibbles.  Factual quibbles are not a basis for relief under Rule 60(b).  Plaintiff is rehashing his earlier arguments and asking the Court to reconsider its rulings.  *See United States v. Comprehensive Drug Testing, Inc.*, 473 F.3d 915, 958 (9th Cir. 2006) (noting in concurrence that it is improper for a party to utilize Rule 60(b) relief as a method to simply repeat its earlier arguments). This the Court will not do.  The Court previously - and correctly - concluded that the Washington Industrial Insurance Act's limited employer immunity exception does not apply to the facts at hand.

---

[3]The chart notes state: "[T.H.] has been resting quietly tonight. Mother and father in room with him.  Marked ↓ level of mucus production tonight with ↓ level of agitation."  (Ct. Rec. 13-2 at 48.)

ORDER ~ 5

## II. Conclusion

For the reasons articulated on the record, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Reconsider Motion to Strike Protions [sic] of Sue Goodrick, R.N.'s Declaration **(Ct. Rec. 60)** is **DENIED.**

2. Plaintiff's Motion to Reconsider Defendants' CR 56(c) Motion to Dismiss **(Ct. Rec. 63)** is **DENIED.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and to provide copies to all counsel.

**DATED** this ___14th___ day of April 2009.

_____
S/ Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Civil\2008\81.Rule60.wpd

ORDER ~ 6